# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN, | Case No.  1:14-cv-00718-MJS (PC) |
| Plaintiff, | **ORDER (1) DIRECTING PLAINTIFF TO FILE AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE $400 FILING FEE IN FULL, and (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| GIPSON, et al., | |
| Defendants. | **(ECF No. 1)** |
| | **THIRTY-DAY DEADLINE** |

Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. He has neither filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 nor paid the $400 filing fee.

The Complaint is before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff complains that Dr. Atkins, a medical doctor at Corcoran State Prison ("CSP"), improperly denied him psychiatric medication. Plaintiff filed an appeal and the medication was restored by Dr. Grewall, M.D., who found fault with Dr. Atkins's discontinuance of it.

Plaintiff names as Defendants (1) Gipson, CSP Warden, (2) Marsh, CSP Lieutenant, (3) Rocha, (4) Holland, CSP Correctional Sgt., (5) Variz, CSP Correctional Captain, (6) Clements, CSP Correctional Officer, (7) Grewal, M.D., CSP Chief Psychiatrist, (8) Lewis, Deputy Director, California Correctional Health Care Services.[1]

Plaintiff seeks monetary damages and  an injunction directing CSP prison officials to update  medical chronos for housing status and medical accessories.

## IV.   DISCUSSION

### A.   Filing Fee

Plaintiff may not proceed in this action unless, within thirty days of this Order, he either files an application to proceed in forma pauperis, or he pays the $400 filing fee in full.

Plaintiff should note that he may not be eligible to proceed in forma pauperis on because it appears he  has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, [and is not] under imminent danger of serious physical

---

[1] Plaintiff includes the Kings County Superior Court as a captioned Defendant. No allegations are made against the Kings County Superior Court and its inclusion appears in error.

injury."[2] 28 U.S.C. § 1915(g). The Court takes judicial notice of the following cases which appear to count as strikes and were final before this case was filed:[3]

1.    On November 4, 1992, Plaintiff filed *Staten v. Reagan*, 3:92-cv-04348-EFL (N.D. Cal.). On January 27, 1997, the Court dismissed Plaintiff's complaint, for failure to state a claim. *See Staten v. Reagan*, 1993 WL 266646 (N.D. Cal. July 14, 1993).

2.    On August 11, 1999, Plaintiff filed *Staten v. Terhune*, 1:99-cv-06196-AWI-SMS (E.D. Cal.). On October 24, 2001, the Court dismissed Plaintiff's complaint, for failure to state a claim. *See Staten v. Terhune*, 1:99-cv-06196-AWI-SMS, Dismissal Order, ECF No. 39. The Ninth Circuit affirmed on appeal, *Staten v. Terhune*, No. 01-17355 (9th Cir. June 16, 2003).

3.    On September 9, 2003, Plaintiff filed *Staten v. Yarborough*, 2:03-cv-06427-UA-CT (C.D. Cal.). On July 22, 2004, the Court dismissed Plaintiff's complaint, for failure to state a claim, pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). See *Staten v. Yarborough*, 2:03-cv-06427-UA-CT, Dismissal Order, ECF No. 7.

4.    On March 6, 2008, Plaintiff filed *Staten v. Walker*, 2:08-cv-00517-JAM-GGH (E.D. Cal.). On February 17, 2009, the Court adopted findings and recommendations and granted Defendants' motion to dismiss Plaintiff's complaint, for failure to state a claim. *See Staten v. Walker*, 2:08-cv-

---

[2] "This subdivision is commonly known as the three strikes provision. Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim. Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed in forma pauperis. See *Andrews v. King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).

[3] *United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

1
2

00517-JAM-GGH, Dismissal Order, EFF No. 35. The Ninth Circuit affirmed on appeal, *Staten v. Walker*, No. 09-16011 (9th Cir. Nov. 3, 2010).

3
4
5
6
7
8
9
10

Moreover, the Complaint does not demonstrate that Plaintiff faced imminent danger of serious physical injury at the time he filed this action. To meet the imminent danger exception, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed. *Malik v. McGinnis,* 293 F.3d 559, 562-63 (2d Cir. 2002); *Andrews v. Cervantes,* 493 F.3d 1047, 1053-55 (9th Cir. 2007). Here Plaintiff's medication had been restored prior to filing of the action.

11

### B.    Linkage

12
13
14
15
16
17
18
19
20
21
22

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. *Iqbal*, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. *Id.* at 1948.

23
24
25
26
27
28

Plaintiff does not allege a reasonable factual basis for his belief that any named Defendant caused or participated in the alleged violations. He does not attribute to Defendants any act or omission violating his rights. If Plaintiff chooses to amend, he should provide factual detail demonstrating what Defendants did or did not do, when, and why, and how his rights were violated thereby.

5

1

### C.   Medical Indifference

2

"[T]o maintain an Eighth Amendment claim based on prison medical treatment,

3

4

an inmate must show deliberate indifference to serious medical needs." *Jett v. Penner*,

5

439 F.3d 1091, 1096 (9th Cir. 2006), quoting *Estelle v. Gamble*, 429 U.S. 97, 106

6

(1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that

7

failure to treat a prisoner's condition could result in further significant injury or the

8

unnecessary and wanton infliction of pain," and (2) "the defendant's response to the

9

need was deliberately indifferent." *Jett*, 439 F.3d at 1096, quoting *McGuckin v. Smith*,

10

974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Techs., Inc. v.*

11

*Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

12

13

Treatment with psychiatric medication can suggest a serious medical condition.

14

See *Jett*, 439 F.3d at 1096; See *McGuckin*, 974 F.2d at 1059-60. However, Plaintiff

15

does not identify his medical condition, its nature, severity and duration. The information

16

provided is insufficient to determine whether he presented a serious medical condition

17

at  relevant times. See *Scarver v. Litscher,* 371 F.Supp.2d 986, 999 (W.D. Wis. 2005),

18

citing *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997) ("serious medical needs"

19

20

encompass conditions that are life-threatening or that carry risks of permanent serious

21

impairment if left untreated, those that result in needless pain and suffering when

22

treatment is withheld and those that have been diagnosed by a physician as mandating

23

treatment).

24

Even if Plaintiff presented a serious medical condition, the allegations do not

25

demonstrate Defendants knowingly denied and delayed medically necessary care or

26

knowingly provided unacceptable medical care. See *Toguchi v. Chung*, 391 F.3d 1051,

27

1058-60 (9th Cir. 2004). Plaintiff does not identify the components of his treatment plan,

28

which medication(s) were denied and why, and which medication(s) were restored and why. That he was denied an unspecified medication for an unspecified period of time does not demonstrate that medical judgment was not exercised or that all treatment of his condition was denied or delayed. Nor do the allegations suggest acts or omissions done maliciously or with a conscious disregard of a serious risk of harm.

Additionally, delay in treatment, even if it occurred, is not actionable unless it led to further significant injury or pain. See *McGuckin*, 974 F.2d at 1060, citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (any alleged delay in receiving medical treatment must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs).

Plaintiff's disagreement with treatment decisions and disagreement among the treating doctors are not actionable unless the decision in issue was known to be medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.1981); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). Plaintiff does not explain why he believes Dr. Grewall found fault with Dr. Atkins' medication decision and how this suggests medically unacceptable conduct. See *Evan v. Manos*, 336 F.Supp.2d 255, 261 (W.D.N.Y. 2004) (so long as his treatment was adequate, that Plaintiff might have preferred different treatment does not give rise to an Eighth Amendment violation); see also *Veloz v. New York*, 339 F.Supp.2d 505, 521 (S.D.N.Y. 2004), citing *Hathaway v. Coughlin*, 37 F.3d 63, 69 2d Cir. 1994) ("To establish deliberate indifference, plaintiff must demonstrate that the defendants actually wish[ed] him harm, or at least, [were] totally unconcerned with his welfare.").

Even a properly alleged failure to properly treat Plaintiff in accordance with the

medical standard of care, i.e., medical negligence, would not in and of itself constitute a federal rights violation. See *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105–06 (1976) (mere indifference, negligence, or medical malpractice will not support this cause of action).

In summary, nothing before the Court shows any Defendant intentionally denied or delayed responding to Plaintiff's medical needs or knowingly provided unacceptable medical care. If Plaintiff chooses to amend, he must allege facts showing each named Defendant knowingly denied, delayed, or interfered with his serious medical need, or knowingly provided medically unacceptable care, harming him.

### D.   Health Care Appeal

Prison staff actions in responding to Plaintiff's prisoner grievance alone cannot give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C.Ill.1982). A prisoner does not have a claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff may not assert a constitutional violation based solely on a claim his health care appeal was improperly handled.

### E.   Injunctive Relief

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of

serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir.1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir.1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

Plaintiff cannot seek injunctive relief because there is no underlying federal claim. *City of Los Angeles*, 461 U.S. at 101–02 (plaintiff must show a "case or controversy" and "real and immediate" threat of injury).

## V.   CONCLUSIONS AND ORDER

Plaintiff may not proceed in this action unless he files an in forma pauperis application or pays the $400 filing fee in full. The Complaint fails to state any cognizable federal claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987), and must be "complete in itself without reference to the prior or

superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff an application to proceed in forma
       pauperis and an amended civil rights complaint form,

2.     Plaintiff shall, within thirty days following service of this Order, either file
       the attached application to proceed in forma pauperis, completed and
       signed, or pay the $400 filing fee in full,

3.     Within thirty days following service of this Order, Plaintiff must also file an
       amended complaint curing the deficiencies identified by the Court in this
       Order, and

4.     If Plaintiff fails to comply with this Order, the undersigned will recommend
       this action be dismissed for failure to state a claim and failure to obey a
       court order.

IT IS SO ORDERED.

Dated:    May 19, 2014                        /s/ Michael J. Seng

                                             UNITED STATES MAGISTRATE JUDGE

10