# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT A. STATEN,<br><br>    Plaintiff,<br><br>  v.<br><br>GIPSON, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00718-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS**<br><br>**(ECF No. 3)**<br><br>**FOURTEEN-DAY OBJECTION DEADLINE** |

    Plaintiff Dwight A. Staten is a California state prisoner proceeding pro se in a civil rights action filed May 12, 2014 pursuant to 42 U.S.C. § 1983. On June 23, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

    The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

    Court records reveal that pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis and is required to submit the filing fee in full in order to proceed

with this action. The Court takes judicial notice of the following cases that qualify as strikes pursuant to 28 U.S.C. § 1915(g):[1] *Staten v. Walker, et al.*, Case No. 2:08-cv-00517-JAM-GCH (E.D. Cal.) (dismissed February 17, 2009 for failure to state a claim; affirmed on appeal November 3, 2010); *Staten v. Terhune, et al.*, Case No. 1:99-cv-06196-AWI-SMS (E.D. Cal.) (dismissed October 24, 2001for failure to state a claim; affirmed on appeal July 10, 2003); *Staten v. Reagan*, C-92-4348 EFL, (N.D. Cal.), 1993 WL 266646 (dismissed July 14, 1993 for failure to state a claim; no appeal taken).[2]

To meet the imminent danger exception, the threat or prison condition must be real and proximate, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of serious physical injury must exist at the time the complaint is filed. See *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff alleges that in September 2013, Defendant Corcoran State Prison employees improperly denied him psychiatric medication, but then restored it in December 2013. He also alleges that prison employees improperly restrained him for seven hours during a lockdown in January 2014. The allegations do not demonstrate that Plaintiff was deprived of medication or subject to ongoing threat of improper restraint at the time this action was commenced on May 12, 2014. 28 U.S.C. § 1915(g); see *Andrews*, 493 F.3d at 1052; see also *Almond v. Pollard*, 443 F.App'x 198, 201-02 (7th Cir. 2011). Moreover, Plaintiff does not allege any potential serious physical injury. See *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (threat must be real and proximate and the potential consequence must be "serious physical injury").

The undersigned concludes that Plaintiff's in forma pauperis application should be denied because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated, 28 U.S.C. § 1915(g), and Plaintiff should be provided with the opportunity to pay the filing fee in full.

---

[1] *United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").
[2] Qualifying dismissals entered prior to the 1996 enactment of the Prison Litigation Reform Act count as strikes. See *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis application (ECF No. 3) should be DENIED,

2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 29, 2014                         /s/ *Michael J. Seng*
                                                               UNITED STATES MAGISTRATE JUDGE